# EXHIBIT B

# EXHIBIT B

Electronically Filed
07/31/2015 03:34:43 PM

CLERK OF THE COURT

**COMJD**
GERALD I. GILLOCK, ESQ.
Nevada Bar No. 51
**GERALD I. GILLOCK & ASSOCIATES**
428 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 385-1482
E-Mail: gillock@gmk-law.com

Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
**O'REILLY LAW GROUP, LLC**
325 S. Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-2500
Facsimile: (702) 384-6266
E-Mail: tor@oreillylawgroup.com
Attorneys for Plaintiffs
NITA V. WATSON, an individual;
WILLIE L. WATSON, an individual; and,
WILLIE L. WATSON, as personal
Guardian of NITA V. WATSON

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| NITA V. WATSON, an individual; WILLIE L. WATSON, an individual; and, WILLIE L. WATSON, as personal Guardian of NITA V. WATSON,<br><br>Plaintiffs,<br>vs.<br><br>MEDICAL SERVICES OF AMERICA, INC., a Virginia Corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO.: A-15-722469-C<br><br>DEPT. NO.: XXI<br><br>**PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>ARBITRATION EXEMPTION CLAIMED: AMOUNT IN CONTROVERSY EXCEEDS $50,000.00 |

COMES NOW, Plaintiffs, NITA V. WATSON; WILLIE L. WATSON; and WILLIE L. WATSON, as personal Guardian of NITA V. WATSON, ("Plaintiffs") by and through their attorneys of record, O'REILLY LAW GROUP, LLC, and hereby complain and allege as follows:

///
///
///

## I.

## GENERAL ALLEGATIONS

1. Plaintiff, NITA V. WATSON ("Mrs. Watson"), is, and at all times relevant hereto was, a resident of the State of Nevada.

2. Plaintiff, WILLIE L. WATSON, ("Mr. Watson") is, and at all times relevant hereto was, a resident of the State of Nevada, the spouse of Nita V. Watson, and personal Guardian of Nita V. Watson.

3. MEDICAL SERVICES OF AMERICA, INC., ("MSA" or "Defendant") is a Virginia corporation licensed to do business in Nevada as a foreign corporation, and at all times relevant hereto was conducting business as Medical Services of America Home Health & Hospice (a division of Medical Services of America, Inc.), located at 2325-A Renaissance Drive, Las Vegas, Nevada 89119-6144.

4. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants, DOES I through X, inclusive, and Defendants, ROE CORPORATIONS I through X, inclusive, are unknown to Plaintiffs, and are believed to be owners, operators, partners and/or managing agents of the Defendant, at the relevant time periods; therefore, Plaintiffs sue said Defendant by such fictitious names but are believed to be agents, servants, and/or employees of Defendant. Plaintiffs are informed and believe, and therefore allege, that each of the Defendants designated as a DOE and/or ROE CORPORATION are responsible in some manner for the events and happenings herein referred to, and caused injury and damages proximately thereby to Plaintiffs, as herein alleged; that such DOE Defendants and ROE CORPORATIONS Defendants were the agents, servants, or employees of each other and, in doing the things herein alleged, each was acting within the scope and course of said agency, servitude and employment, with the knowledge, permission and consent of the other Defendants. Plaintiffs will ask leave of this Court to amend this Complaint to insert the true names and capacities of said DOES I through X, inclusive and ROE CORPORATIONS I through X, inclusive, when the same have been ascertained by Plaintiffs, together with the appropriate charging allegations and to join such Defendants in this action.

5.  During the relevant time period, Defendant provided home health and hospice care to Plaintiff, Nita V. Watson, due to a history of multiple sclerosis, at the assistetd living facility she was residing. The program includes the provision of physical, psychological, custodial and spiritual care for persons who are terminally ill and their families. The care may be provided in the home, at a residential facility or at a medical facility at any time of the day or night. An Interdisciplinary team, as defined by NRS 449.0115(2)(b), is a group of persons who work collectively to meet the special needs of terminally ill patients.

6.  During the relevant time period, Defendant was informed by staff at the assisted living facility on multiple occasions that Mrs. Watson seemed to have sepsis, her Foley catheter was inadequate, her health was declining, and needed evaluation and additional care. Defendant, however, dismissed the staff's concerns continuing to discern that Mrs. Watson did not require additional care. This included the refusal to use a different catheter for Mrs. Watson.

7.  On or about May 14, 2015, Mr. Watson became aware of a severe decline in his wife's normal mental disposition. She was unresponsive and appeared to have cloudy urine collecting from her Foley catheter. Defendant, however, continued to dismiss these concerns.

8.  On or about May 14, 2015, Mrs. Watson was transported from her assisted living facility via Las Vegas Fire and Rescue and admitted to North Vista Hospital in Las Vegas, Nevada.

9.  Upon admission to North Vista Hospital, Mrs. Watson was found to have encephalopathy, sepsis and septic shock due to a urinary tract infection with Escherichia coli, and renal failure.

10. Additionally, Mrs. Watson was admitted with and suffered from an unstageable pressure ulcer of the right buttock.

11. The above described conduct of Defendant and Does 1 through 10 is violative of NRS 200.495 and further amounts to a pattern of vulnerable person abuse.

12. The conduct of said Defendant and Does 1 through 10, constitute "abuse" and "neglect" as those terms are defined in NRS 41.1395(4)(a) and (c), in that they failed to exercise the degree of care that a reasonable person having the custody of Mrs. Watson would exercise.

///

## II.

## FIRST CAUSE OF ACTION

### (NEGLIGENT HIRING/SUPERVISION)

13. Plaintiffs hereby adopt and incorporate by reference all prior paragraphs as though fully set forth herein.

14. Defendant owed a duty to Plaintiffs to employ competent workers, employees and staff personnel, adequately trained to perform appropriate care; including, but not limited to, adequate evaluation and care of Mrs. Watson's Foley catheter and mental disposition.

15. As a result of inadequately trained workers, employees and staff personnel by Defendant, Plaintiff Nita V. Watson was required to be admitted to North Vista Hospital for, among other things, an infectious disease and septic shock.

16. Defendant's agents and/or employees were acting in the scope of their employment, under Defendant's control and in furtherance of Defendant's interests at the time their actions caused injuries and suffering to Plaintiffs.

17. Defendant is vicariously liable for damages resulting from its agents' and/or employees' negligent actions against Plaintiffs during the scope of their employment.

18. The direct and proximate result of the negligence and carelessness of Defendant was the diagnosis of, sepsis and septic shock due to a urinary tract infection with Escherichia coli, renal failure, and unstageable pressure ulcer of the right buttock caused to Plaintiff Nita V. Watson.

19. As a direct and proximate result of the conduct of Defendant, Plaintiffs have suffered special damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

20. As a direct and proximate result of the conduct of Defendant, Plaintiffs have suffered general damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

## III.

## SECOND CAUSE OF ACTION

### (ELDER EXPLOITATION IN VIOLATION OF N.R.S. § 41.1395)

21. Plaintiffs hereby adopt and incorporate by reference all prior paragraphs as though fully set forth herein.

22. Nita V. Watson was born on February 27, 1954 and therefore was an "older person" at all times relevant as defined by NRS 41.1395(4)(d).

23. Upon information and belief, Mrs. Watson suffered from past history and symptoms caused by multiple sclerosis leaving her bedridden. Therefore, Mrs. Watson was a "vulnerable person" at all times relevant as defined by NRS 41.1395(4)(e).

24. Upon information and belief, Defendant had the trust and confidence of Plaintiffs as the provider of care, including custodial care, for Mrs. Watson during her ailing health.

25. As a direct and proximate result of the elder exploitation of Defendant and failure to provide appropriate elder care for Mrs. Watson, Mrs. Watson was required to be admitted to North Vista Hospital via ambulance due to encephalopathy and infectious disease caused by septic shock.

26. Defendant's conduct directly and proximately caused the exploitation of Mrs. Watson, an older, vulnerable person as defined in NRS 41.1395.

27. Plaintiffs have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00).

28. Pursuant to NRS 41.1395(1), Plaintiff is entitled to two times the actual damages incurred.

29. Defendant acted with recklessness, oppression, fraud or malice, and, pursuant to NRS 41.1395(2), Plaintiffs are entitled to an award of attorney's fees and costs of suit which are incurred as a result of this litigation.

30. Defendant acted with recklessness, oppression, fraud or malice, and, pursuant to NRS 42.005, Plaintiff is entitled to an award of punitive damages, attorney's fees and costs of suit which are incurred as a result of this litigation.

IV.

### THIRD CAUSE OF ACTION

**(LOSS OF CONSORTIUM)**

31. Plaintiffs hereby adopt and incorporate by reference all prior paragraphs as though fully set forth herein.

32. Plaintiff Willie V. Watson is the spouse of Plaintiff Nita V. Watson, and has been her spouse at all times relevant to this Complaint.

33. As a direct and proximate result of the Defendant's negligence, Willie V. Watson has been compelled to watch his spouse suffer mental and physical pain and emotional distress all to his damage in excess of ten thousand dollars ($10,000.00).

34. As a further direct and proximate result of Defendant's negligence Plaintiff, Willie V. Watson has had to retain the services of attorneys and therefore seeks reimbursement of attorneys' fees and costs.

V.

## FOURTH CASE OF ACTION

(PUNITIVE DAMAGES)

35. Plaintiffs hereby adopt and incorporate by reference all prior paragraphs as though fully set forth herein.

36. The acts, conduct and omissions of Defendant, as alleged throughout this Complaint, were willful and malicious and were done with a conscious disregard for the rights and overall health of Plaintiff Nita V. Watson.

37. Defendant's unconscionable conduct warrants an award of exemplary and punitive damages against Defendant in an amount appropriate to punish and make an example of Defendant.

38. Prior to Mrs. Watson's transfer and admission to North Vista Hospital, Defendant became aware of Mrs. Watson's declining health and knew that further neglect and/or disregard could have potentially serious health consequences due to her age and medical history.

39. Despite such knowledge, Defendant knowingly and deliberately failed to properly care for Mrs. Watson and/or recommend transporting her to a facility that could provide such appropriate care.

40. Defendant's conduct was despicable, and so contemptible that it would be looked down upon and despised by ordinary docent people, and was carried on by Defendant with willful

and conscious disregard for the overall health of Mrs. Watson, entitling Plaintiffs to exemplary damages.

## VI.

### FIFTH CAUSE OF ACTION

### (ASSAULT AND BATTERY)

41. Plaintiffs hereby adopt and incorporate by reference all prior paragraphs as though fully set forth herein.

42. Defendant's aforementioned conduct and negligent acts surrounding the Foley catheter caused both Mr. and Mrs. Watson to feel apprehension of harmful contact to Mrs. Watson.

43. Defendant's aforementioned conduct and negligent acts surrounding the Foley catheter and the reinsertion of said catheter ultimately caused pain, suffering and infection to Mrs. Watson.

44. As a direct and proximate consequence of the assault inflicted upon Mr. and Mrs. Watson, Plaintiffs have been, and continue to be, damaged in an amount in excess of $10,000.00.

45. As a direct and proximate consequence of the battery inflicted upon Mrs. Watson, Plaintiffs have been, and continue to be, damaged in an amount in excess of $10,000.00.

46. As a further direct and proximate result of Defendant's assault and battery Plaintiff, Willie V. Watson has had to retain the services of attorneys and therefore seeks reimbursement of attorneys' fees and costs.

## VII.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for Judgment against Defendant as follows:

1. For general damages in excess of $10,000.00;
2. For special damages in excess of $10,000.00;
3. For punitive damages in an amount to be determined at trial;
4. For reasonable attorney's fees, including but not limited to those due under N.R.S. § 41.1395;
5. For costs of suit; and

6. For any such further relief as this Court deems appropriate.

## VII.

### DEMAND FOR JURY TRIAL

Plaintiffs herein demand a trial by jury on all issues so triable.

DATED: July 31, 2015.

Respectfully submitted,

**O'REILLY LAW GROUP, LLC**

By: _____
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
325 South Maryland Parkway
Las Vegas, Nevada 89101
Attorneys for Plaintiffs
NITA V. WATSON, an individual; WILLIE L. WATSON, an individual; and, WILLIE L. WATSON, as personal Guardian of NITA V. WATSON